UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBRA DENISE BLANTON,**

    **Plaintiff,**

v.                                                                            **Case No. 8:12-cv-940-T-30TBM**

**NANCY A. BERRYHILL,**
**Acting Commissioner of the United**
**States Social Security Administration,**[1]

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on **Plaintiff's [Opposed] Motion for Attorney Fees Under 42 U.S.C. § 406(b)** (Doc. 27) and Defendant's response in opposition (Doc. 31).

**I.**

By the motion, Plaintiff's attorney seeks an Order, pursuant to 42 U.S.C. § 406(b), approving an award of attorneys' fees in the amount of $13,675.00. She claims she has not received an attorney's fee award under the Equal Access to Justice (EAJA); her attorney had been authorized to receive a fee in this case in the amount of $15,900; and she has been notified that the SSA is withholding the amount of $13,675, which represents the balance of the 25% of past due benefits awarded. (Doc. 27).

Defendant opposes the motion, claiming Plaintiff's attorney has failed to show that the request is reasonable and will not result in a windfall to the attorney to the detriment of the client.

---

[1]Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as Defendant in this suit.

She argues the district court must conduct an independent reasonableness determination as to the appropriate fee. She argues that Plaintiff's attorney did not include in his motion the number of hours incurred representing Plaintiff in this action or his normal hourly rate. In the absence of such information, she submits that the motion should be denied. (Doc. 31).

## II.

An award of attorney's fees is authorized under 42 U.S.C. § 406(b) where the district court remands the case to the Commissioner for further proceedings, and the Commissioner on remand awards the claimant past-due benefits.[2] *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1276-78 (11th Cir. 2006). Under those circumstances, the claimant may return to the court and seek fees not exceeding twenty-five percent of the past-due benefits awarded. *See* 42 U.S.C. §406(b)(1)(A); *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674 (11th Cir. 2013). The fees, however, must still be reasonable and may be offset against a previous award.[3] *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1274 (11th Cir. 2010). An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (2002). The attorney may

---

[2]The timeliness requirement of Fed. R. Civ. P. 54(d)(2) applies to a motion for attorney fees under § 406(b). *See Bergen*, 454 F.3d at 1277. Given the difficulty of integrating the fourteen-day requirement of Rule 54(d)(2) into the procedural framework of a fee award under 42 U.S.C. § 406, it has been suggested that a plaintiff request, and the district court include in the remand judgment, a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the SSA. *See Blitch v. Astrue,* 234 F. App'x 241, 242, n.1 (11th Cir. 2008). Unfortunately, that matter was not addressed here. Nonetheless, as in *Blitch*, I decline to find that the instant motion is time-barred, particularly since the Commissioner does not oppose the motion on this basis.

[3]The provisions of section 406(b) do not displace contingent fee agreements; however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

2

elect to deduct an earlier EAJA award from a subsequent 406(b) award rather than refunding the smaller EAJA fee and accepting the 406(b) in full. *Green v. Comm'r of Soc. Sec.,* 390 F. App'x 873, 874 (11th Cir. 2010).

Pertinent here, section 406 of the Social Security Act provides for two types of fee awards, both of which are paid from the claimant's past-due benefits. Section 406(a) authorizes fees for representation at the administrative level. Fees awarded under this section are capped at 25% of that amount or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A), (C). Section 406(b) authorizes fees for representation in federal court. Fees awarded under this section also are capped at 25% of that amount. 42 U.S.C. § 406(b)(1)(A). Where an attorney receives a fee award pursuant to section 406(a) for administrative work and section 406(b) for work before a court, the aggregate of the fees cannot exceed 25% of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) ("We are fully convinced that 42 U.S.C.[ ] [§] 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant. Dawson has already been authorized by the Secretary to charge the maximum. He is entitled to no more.");[4] *Wood v. Comm'' of Soc. Sec.*, 861 F.3d 1197, 1206 (11th Cir. 2017) (affirming *Dawson* as binding precedent and finding the district court did not err in its interpretation and application of *Dawson*).

## III.

In this case, counsel undertook to represent the claimant on a contingency fee basis. (*See* Doc. 27 at 4–7). According to the fee agreement dated July 18, 2006, for work performed before the Social Security Administration, Plaintiff's attorney was entitled to 25% of the "total

---

[4]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

past-due benefits awarded ... or $5,300.00, whichever is less." *Id.* at 4. The subsequent fee agreement dated October 10, 2007, provides, in pertinent part, "If I lose at the ALJ hearing and my attorney agrees to appeal and I win my case later, the fee will be [25%] of all past due benefits awarded in my case." *Id.* at 6.

On appeal from the administrative decision, the Court entered Judgment for Plaintiff, reversing the decision of the Commissioner and remanding the case for further proceedings. (Docs. 20, 21). Thereafter, the Court denied without prejudice Plaintiff request for attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 22, 23).[5]

Plaintiff did not re-file her motion for EAJA fees, but instead filed the instant motion following the resolution of her claim on remand. Plaintiff states that her attorney "had been authorized to receive a fee in this case in the amount of $15,900.00" (Doc. 27 at 2); however, it is entirely unclear if all or a portion of these fees have been received and in what amount.

On August 18, 2017, after initial review of the motion and response, this Court directed Plaintiff's counsel to supplement his motion within ten (10) days as to the following: the total amount of past-due benefits awarded to Plaintiff; the status of any award of fees under 42 U.S.C. 406(a) or other fees received by counsel; and the number of hours counsel incurred in representing Plaintiff in this action. (Doc. 32). Plaintiff's counsel has not supplemented his motion or otherwise responded.

---

[5]The district judge denied the motion, stating "Plaintiff's counsel shall file an appropriate motion; a letter is insufficient." (Doc. 23). The "motion" for fees under the EAJA was a letter with several attachments. (Doc. 22). At pages 19–20, counsel indicates that he and/or his staff expended 14.2 hours on the case at a rate of $155 per hour for a total of $2,201.00. The itemization of time references individuals "Deena" and "Teri" who performed certain tasks. It is unknown to the Court if these individuals are attorneys, paralegals, or other support staff. Nonetheless, it appears Plaintiff's counsel has charged their time at the hourly rate of $155.

On the record presented, the total amount of past due benefits awarded to Plaintiff is unknown. In addition, it is unclear if Plaintiff's counsel has received some or all of the $15,900, presumably awarded under section 406(a). As such, I am unable to ascertain whether the combined fees received and/or requested under sections 406(a) and 406(b) exceed 25% of the past due benefits.

Furthermore, the motion and the record remain unclear to indicate the number of hours counsel expended representing Plaintiff in this action or his normal hourly rate. As a result, this Court is unable to make a determination if the contingency fee agreement and the total amount of fees requested is reasonable.

**IV.**

Accordingly, I **RECOMMEND** that **Plaintiff's [Opposed] Motion for Attorney Fees Under 42 U.S.C. § 406(b)** (Doc. 27) be **DENIED** and the Clerk directed to close the case.

>  Respectfully submitted this
>  16th day of October 2017.
>
>  THOMAS B. McCOUN III
>  UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of record